**In re Mary Bulatovich McVADE, Debtor.**

**Bankruptcy No. 86–61195.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Gary.

April 27, 1987.

M.M.C. Kennedy, Merrillville, Ind., for the Trustee G.E. Gouveria (Trustee).

E. Powell, East Chicago, Ill., for the debtor.

### ORDER GRANTING TRUSTEE'S OBJECTION TO EXEMPTION

FRANCIS G. CONRAD, Bankruptcy Judge *.

The Trustee objects to the debtor's claimed exemption in a Thrift Plan. Under Indiana law, the Debtor's interest in the Thrift Plan is personal property and, therefore, property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). Because the Thrift Plan fails to fulfill Indiana's spendthrift trust requirements, we hold the Plan does not qualify for exclusion under 11 U.S.C. § 541(c)(2), and accordingly, the Debtor may not claim an amount in excess of the Indiana statutory limitation on personal property exemptions. We grant the Trustee's objection to the claimed exemption in the Thrift Plan.

We have jurisdiction to hear this proceeding under 28 U.S.C. 1334(b) [1] and determine it to be a core matter under 28 U.S.C. 157(b)(2)(B). [2] After a pre-trial conference, the parties agreed to submit the matter on briefs. Briefing was complete on February 12, 1987, and the proceeding was taken under advisement on February 12, 1987.

---

* Sitting by special designation.

1. 28 U.S.C. § 1334(b) states:
   Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

2. 28 U.S.C. § 157(b)(2)(B) states:

"(2) Core proceedings include, but are not limited to—(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; ..."

The facts are not disputed. The debtor filed her Petition for Relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq., on July 11, 1986. She listed as exempt property her interest in an employee Thrift Plan (Plan). The Trustee filed an objection to the debtor's claimed exemption on the ground that the amount of the Thrift Plan claimed as exempt exceeded the permissable exemption provided by Indiana law.[3]

The Plan sponsored by Inland Steel Company (Company), the Debtor's employer, is a profit sharing type plan for the benefit of its employees. The Plan qualifies for special tax treatment under the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001 et seq. Enrollment is voluntary and an employee may cease participation in the Plan at any time. Participating employees and the Company make joint contributions to the Plan.

There are two types of employee contributions allowed and both are derived from payroll deductions: Before-Tax dollars and Supplemental Employee Contributions. Deductions of Before-Tax dollars consist of Employee contributions not to exceed 5% of the employee's base monthly salary. Upon completion of the Before-Tax Contribution requirement, the participant may add Supplemental Employee Contributions. In no event may the total Before-Tax and Supplemental Employee Contributions exceed 15% of an employee's base monthly salary. The Company matches the Before-Tax Contributions on a dollar for dollar basis, up to the first 5% of the base monthly salary. There are no matching contributions for Supplemental contributions.

Of the types of contributions, only the Company Matching Contributions and earnings thereon require a twenty-four month waiting period before vesting[4] 100% in the employee. Employee contributions and earnings thereon vest 100% upon deposit. All deposits and earnings vest 100% when an event disrupting employment occurs, such as death, disability, or retirement.

There are restrictions governing an employee's withdrawals from the fund during active employment. For instance, an employee may withdraw between $300 and the balance of his vested contributions and earnings, but the Company limits a participating employee to two withdrawals per calendar year. Withdrawals from the Before-tax contributions and related earnings segment of the Plan incur penalties and carry restrictions. Federal regulations only allow an employee access to the Plan funds in instances of heavy and immediate financial burden. The employee may request the minimum needed to mitigate the hardship, but the Company's Thrift Plan Committee must approve the request before making a distribution of the funds. Company regulations penalize an employee's withdrawal of the Before-Tax Contributions with a six-month suspension from Thrift Plan participation.

The first issue for resolution is whether McVade's interest in the Thrift Plan is property of the estate under 11 U.S.C. § 541(a)(1).[5] Though she has not actually drawn on her Thrift Plan assets, the Debtor has an unrestricted present access to all but the Before-Tax portion of her account, and the amounts that have not vested. She may, however, withdraw from

---

**3.** I.C. 34–2–28–1(a)(3) states:
"Sec. 1(a) the following property of a judgment debtor domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract or a lost claim ...
(3) Intangible personal property, including choses in action (but excluding debts owing and income owing), of one hundred dollars ($100.00)."

**4.** Vesting is defined as: "Your earned right to receive benefits from the Plan." P. 7, Thrift Plan, Summary Plan Description.

**5.** 11 U.S.C. § 541(a)(1) states:
"(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

the Before-Tax portion after obtaining approval from the Company Thrift Committee. Since McVade has a present right to her contributions and earnings, her interest in the Plan constitutes property of the estate under I.C. 32–3–2–1. *Miller v. Lincoln National Bank and Trust Company, (Matter of Cook)*, 43 B.R. 996 (D.N.D. Ind.1984). The Thrift Plan, to the extent it is vested in McVade, is property of the estate under 11 U.S.C. § 541(a)(1).[6]

The Debtor characterizes the Thrift Plan as excludable property, citing 11 U.S.C. § 541(c)(2).[7] The provision excepts a debtor's interest in a qualified spendthrift trust from becoming property of the estate. To benefit from the exception, an Indiana debtor must meet three requirements: First, the settlor may not be a beneficiary of the plan; Second, the plan must contain an anti-alienation clause; and, Third, the debtor-beneficiary must lack any present dominion or control over the plan's corpus. *Cook, Id.*, at 1001; *Miller v. Jones, (Matter of Jones)*, 43 B.R. 1002, 1006 (N.D.Ind.1984). In both *Cook* and *Jones*, the ERISA-qualified plans contained anti-alienation requirements similar to the clause in this Plan. *Cook, Id.*, at 1001; *Jones, Id.*, at 1006. Both cases, as here, dealt with plans requiring employee contributions as a condition of participation. Neither court held that the employee contribution requirement made the employee the settlor of the plan. Applying the holdings in *Cook, Id.* and *Jones, Id.*, we find that McVade is not the settlor of the Plan and that the Plan contains an anti-alienation clause, thus she satisfies the first two prongs of the Spend-Thrift test.

Under *Jones*, however, qualification for the § 541(c)(2) exception requires the debtor not possess any present means of gaining access to the funds upon filing bankruptcy. *Jones, Id.*, at 1007. In this proceeding, McVade could request of the Thrift Plan Committee a withdrawal of her Before-Tax contributions if she encountered extreme financial hardship. Although the Plan does not define extreme financial hardship, we have difficulty envisioning a more profound financial hardship than bankruptcy. *In re Monahan*, 68 B.R. 997 (Bkrtcy.S.D.Fla.1987). See also *Cook, Id.*, at 1001. That McVade did not request the Thrift Plan Committee grant her a withdrawal carries no weight. While it is correct to say no application to the Thrift Committee equals no funds, her right to gain access to her vested contributions and earnings, had she so desired, supports a finding of present control over the funds when she filed Bankruptcy. Therefore, this Thrift Plan does not satisfy the third requirement for a spend-thrift trust exclusion under Indiana law. Consequently, 11 U.S.C. § 541(c)(2) does not exclude the Debtor's vested interest in the Plan from constituting property of the estate.

Having characterized McVade's interest in the Thrift Plan as property of the estate, we address Indiana's personal property exemption. Indiana has opted out of the Federal exemption scheme.[8] Thus, we look to state law to determine the extent of her exemptions. A trust is considered intangible property and I.C. 34–2–28–1(a)(3)[9] restricts the amount of intangible personal property a debtor may claim as exempt to $100.00. In this proceeding, the amount the Debtor has available to her in the Plan is $6,846.31. Since the amounts listed on the Debtor's schedules as exempt property exceeds the statutory exemption of $100.00, we grant the Trustee's objection to the Debtor's claimed exemptions. Accordingly,

It is ORDERED that the Trustee's objection to the claimed exemption in the Debtor's Thrift Plan is SUSTAINED.

---

6. See note 5, Supra.

7. 11 U.S.C. § 541(c)(2) provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

8. See I.C. sec. 34–2–28–1. See also *In re Marino*, 27 B.R. 282 (Bkrtcy.N.D.Ind.1983), stating that § 522(d) is not applicable to Indiana debtors.

9. See note 2.