### In the Matter of J. Dean GIFFORD, Debtor.

### Bankruptcy No. 87–31498–REG.

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Nov. 7, 1988.

Michael W. Mysliwiec, South Bend, Ind., for the movant.

Leonard Opperman, Indianapolis, Ind., for the debtor.

## MEMORANDUM OF DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This voluntary Chapter 11 was filed on August 21, 1987. Among the debtor's various assets is an interest in a retirement trust, which has a scheduled value of $300,000.00. Debtor has claimed this interest as exempt property, pursuant to I.C. 34–2–28–1.

The matter is now before the court upon objections to this exemption, filed on behalf of First National Bank of Rochester, Akron Exchange Bank, United States Small Business Administration and the official creditors committee. The objections were the subject of a pre-trial conference, at which the parties agreed the matter could be submitted upon the agreed pre-trial statement, additional stipulations, and the briefs of counsel.

### FACTS

The debtor, J. Dean Gifford, is a physician. He is also the sole shareholder, director, and employee of J. Dean Gifford, M.D., P.C.

Effective August 1, 1981, the professional corporation established the J. Dean Gifford, M.D., P.C., Retirement Trust, pursuant to the Employee Retirement Income Security Act (ERISA). The trust is to provide a retirement fund for the employee, J. Dean Gifford. It has qualified under both the Internal Revenue Code and ERISA for preferential tax treatment.

The corporation, of which debtor is the sole shareholder and director, is the trust's settlor and administrator. The debtor is the sole beneficiary. Debtor and his wife are the plan's trustees. In the event they cannot agree on a particular course of action, the dispute is to be resolved the employer.

The plan can be amended by the employer, at any time and to any extent, in the "sole and final discretion" of the Board of Directors. The employer may also terminate the plan. Upon termination, the administrator may, in its discretion, direct distribution of the trust's assets, either in a lump sum or in any other manner it feels is reasonable.

Debtor is the only employee of the corporation. Accordingly, it is not surprising that he is also the plan's only participant. The value of the contributions which have been made to the trust, for the participant's benefit, are placed at approximately $300,000.00. All of these contributions were made by the employer.

The plan contains a clause that restricts the assignment or alienation of the beneficiary's interest.

### ISSUES AND CONTENTIONS

Although raised in the context of an objection to exemptions, the exemptibility of the retirement trust is not the actual question before the court. Indiana law provides no basis upon which to exempt the entire asset from the bankruptcy estate. *See* I.C. 34–2–28–0.5 and I.C. 34–2–28–1. Debtor's interest in the trust is intangible property and, as such, any exemption in it would be limited to $100.00. *In re McVade,* 72 B.R. 560, 562 (Bankr.N.D.Ind.1987). Instead, the true issue is whether or not the debtor's interest in the retirement trust is property of the bankruptcy estate. This is the issue the parties have briefed.

Debtor contends his interest in the retirement plan is a spendthrift trust or a "trust with protective provisions" under Indiana law. I.C. 30–4–3–2. As such, he argues, it does not become property of the estate, pursuant to 11 U.S.C. § 541(c)(2).

The objectors take the position that the retirement plan is not a spendthrift trust, within the scope of § 541(c)(2), and does not qualify for exclusion from the bankruptcy estate. In doing so, they emphasize debtor's control over the plan. To them, in one capacity or another, debtor dominates all aspects of the trust, to the extent that he has absolute control over its assets.

### DISCUSSION

Section 541 of the Bankruptcy Code identifies what is and what is not property of the bankruptcy estate. The bankruptcy estate is "comprised of ... all legal or eq-

uitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Section 541(a)(1) dramatically expanded the scope and reach of the bankruptcy estate." *Matter of Cook*, 43 B.R. 996, 999 (D.N.D.Ind.1984); *Matter of Jones*, 43 B.R. 1002, 1005 (D.N.D.Ind. 1984); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). Thus, in defining property of the bankruptcy estate, it is an inclusive statute which is particularly "broad and all embracing." *Matter of Brown*, 86 B.R. 944, 946 (D.N.D.Ind.1988) (citing *In re Miller*, 16 B.R. 790, 791 (Bankr.D.Md. 1982)).

There can no longer be any doubt or argument that a debtor's interest in a retirement plan is property of the estate, as contemplated by § 541(a). *Matter of Cook, supra*, 43 B.R. at 1000; *Matter of Jones, supra*, 43 B.R. at 1005–06 (citing *In re Graham*, 726 F.2d 1268 (8th Cir.1987) and *Matter of Goff*, 706 F.2d 574 (5th Cir. 1983)). Instead, the question before the court involves consideration of one of the few exceptions to the expansive reach of § 541(a). Several types of property interests are excluded from the bankruptcy estate, either directly or through the recognition of limitations on their transferability. *See* 11 U.S.C. § 541(b & c). It is the exception found at § 541(c)(2) which now confronts us.

Section 541(c)(2) states:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title. 11 U.S.C. § 541(c)(2).

Unlike the broad reach of § 541(a), this exclusion is narrowly construed. *Matter of Brown, supra*, 86 B.R. at 946; *Matter of Cook, supra*, 43 B.R. at 999; *Matter of Jones, supra*, 43 B.R. at 1005. Section

541(c)(2) applies only to traditional spendthrift trusts as defined by state law.[1] This conclusion is based on the section's legislative history. "The law is clear that [§ 541(c)(2) ] was intended by Congress to specifically preserve 'restrictions on transfer of a spendthrift trust.'" *Matter of Brown, supra*, 86 B.R. at 946.

Indiana, by statute and case law, recognizes and defines a spendthrift trust. There are three requirements for an enforceable spendthrift trust.

1. The settlor may not be a beneficiary of the trust;

2. The terms of the trust must prohibit the transfer of the beneficiary's interest; and

3. The debtor-beneficiary can have no present dominion or control over the trust assets.

Traditionally, all three had to be fulfilled. *See Matter of Brown, supra*, 86 B.R. at 946; *Matter of Cook, supra*, 43 B.R. at 1001; *Matter of Jones, supra*, 43 B.R. at 1006. Underlying these restrictions is the public policy against allowing anyone to place their assets in trust, for their own benefit, and simultaneously shielding them from the claims of their creditors.

The Indiana Legislature recently amended the state's trust code. Indiana Code 30–4–3–2 now reads:

(a) the settlor may provide in the terms of the trust that the interest of a beneficiary may not be either voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee.

(b) except as otherwise provided in subsection (c), if the settlor is also a beneficiary of the trust, a provision restraining the voluntary or involuntary transfer of his beneficial interest will not

---

1. For cases holding that 11 U.S.C. § 541(c)(2) applies only to traditional spendthrift trusts defined under state law, see generally *In re Daniel*, 771 F.2d 1352 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *Matter of Goff*, 706 F.2d 574 (5th Cir.1983); *Matter of Swanson*, 79 B.R. 422 (D.Minn.1987);

*In re O'Brien*, 50 B.R. 67 (Bankr.E.D.Va.1985); *Matter of Cook*, 43 B.R. 996 (D.N.D.Ind.1984); *Matter of Jones*, 43 B.R. 1002 (D.N.D.Ind.1984); *Matter of LaFata*, 41 B.R. 842 (Bankr.E.D.Mich. 1984); *Matter of Berndt*, 34 B.R. 515 (Bankr.N. D.Ind.1983); *Matter of Kelley*, 31 B.R. 786 (Bankr.N.D.Ohio 1983); *In re DiPiazza*, 29 B.R. 916 (Bankr.N.D.Ill.1983).

prevent his creditors from satisfying claims from his interest in the trust estate.

(c) subsection (a) applies to a trust that meets both of the following requirements, regardless of whether or not the settlor is also a beneficiary of the trust:

(1) the trust is a qualified trust under 26 U.S.C. 401(a).

(2) the limitations on each beneficiary's control over the beneficiary's interest in the trust complies with 29 U.S.C. 1056(d).

(d) A trust containing terms authorized under subsection (a) may be referred to wherever appropriate as a trust with protective provisions.

Subsection (c) and the references to it are the new provisions.[2]

Because of the amendment, this section now seems to create an exception to the state's prevailing rule against beneficiary created spendthrift trusts, provided the trust is qualified under 26 U.S.C. § 401(a) and meets the requirements of 29 U.S.C. § 1056(d). In this event, even though created by the beneficiary, the trust's spendthrift provisions are nonetheless enforceable. Since the exclusion of § 541(c)(2) turns upon what state law recognizes as a valid spendthrift trust, the amendment may change the rules of the game.[3]

The only case that has addressed Indiana Code § 30–4–3–2 since its amendment is

*Matter of Brown.* In this decision, the district court emphasized:

[T]he key factor appears to be the accessibility of the funds.

... If the function of a plan diverges in any way from that of a spendthrift trust, despite a superficial fulfillment of requirements, the plan will be viewed as property of the bankruptcy estate. *Matter of Brown, supra,* 86 B.R. at 947.

Therefore, it remains true that "the key issue is the extent of dominion and control the debtor possesses over the corpus. This issue effectively translates to one word: access." *Matter of Cook, supra,* 43 B.R. at 1001; *Matter of Jones, supra,* 43 B.R. at 1007.

Indiana did not and could not have intended to validate all qualified, beneficiary created plans by the amendment, regardless of their terms. Instead, a proper reading of the amendment shows that the state legislature intended to alter only the first requirement of a valid spendthrift trust. The second and particularly the third requirements have been left intact. This court holds, therefore, that

In order for an ERISA–qualified plan to meet the § 541(c)(2) exception, the debtor-beneficiary cannot possess any present access to his interest in the plan at the time the bankruptcy is filed ... [T]he prime requirement a plan must pos-

---

**2.** This court has concerns about the validity of Indiana's amendment to its trust code. The state's ability to enact legislation in this area may have been preempted. 29 U.S.C. § 1144(a). *See also Mackey v. Lanier Collections Agency & Service, Inc.,* — U.S. —, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *Metropolitan Life Insurance Company v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Airlines Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Further, to the extent the statute may be construed as an attempt to obstruct the equitable distribution of assets, by preventing property from becoming part of a bankruptcy estate, it may be vulnerable under the Supremacy Clause. *See Elliott v. Bumb,* 356 F.2d 749 (9th Cir.1966); *In re Smith–Douglass, Inc.,* 856 F.2d 12 (4th Cir.1988). We need not, however, address these concerns at the present time.

**3.** We wonder if there is not a degree of contradiction in applying state law concepts to a prop-

erty interest which is created and governed entirely by federal law. This is especially so since the only time state law is applied to these interests is in the context of a proceeding initiated under and governed by Federal law. The principle is now so firmly established, however, that it must be followed and applied. Still, it would seem preferable, especially in the context of our national bankruptcy law, to develop or recognize a "federal common law" which would control rights or interests which are wholly independent of state law. This would promote a uniformity in the treatment of rights which are *defined by federal legislation* and yet are also, potentially, subject to disparate treatment under the Bankruptcy Code because of the peculiarities of state law. We need pause no further in this instance, however, since we doubt that any "federal common law," which might be developed to apply to this case, would produce a result different from the one we reach today.

sess to fit within the § 541(c)(2) exception ... is that the participant/beneficiary cannot possess *any means* ... by which the participant could gain access to the funds. *Matter of Jones, supra,* 43 B.R. at 1001–1002. (emphasis added).

The Gifford retirement plan does not fulfill this most quintessential of all requirements for a valid spendthrift trust. The facts clearly demonstrate that the debtor has a present ability to control these funds, even to the extent of terminating the plan and distributing one single sum to himself at the present time.

This holding "is consistent with the well established principle that the bankruptcy estate inures to whatever rights the debtor had at the time the petition was filed." *In re Wiggins,* 60 B.R. 89, 93 (Bankr.N.D.Ohio 1986).

> [T]he only principle which had to be applied was that which includes in the estate all rights which the debtor had at the time the petition was filed. Such rights would include any rights to modify the terms of the trust or to receive a distribution from the trust.... In circumstances where the debtor had the authority to exercise dominion over the trust, the trustee in bankruptcy would assume that authority and be able to acquire access to the funds for the benefit of creditors. *In re Wiggins, supra,* 60 B.R. at 93.

Debtor maintains that since the plan is ERISA–qualified and since the debtor, as beneficiary, cannot access at the funds, the trust should not be part of the bankruptcy estate. We are persuaded, however, that a more holistic approach is appropriate. The situation must be examined in all three dimensions and under a full spectrum. While the bankruptcy estate does not succeed to the powers a debtor may exercise solely for the benefit of another, it does include those powers the debtor may exercise for its own benefit. *See* 11 U.S.C. § 541(b)(1). To ignore these rights, simply because a debtor might be acting in a different capacity, fails to fully comprehend the realities of the situation.

Although the debtor may not have the authority to exercise dominion over the trust as "beneficiary," the debtor clearly has such authority under the plan as trustee, settlor, employer, and administrator. In these different capacities, he can exercise control over the trust assets for his own benefit.

> While [debtor] as beneficiary cannot assign or alienate his interest in the trusts, he as sole officer and director of the settlor P.A. can amend or terminate the trusts.... He alone enjoys the authority to act, whether as an agent of the settlor or in his own right as trustee and beneficiary. He therefore enjoys "absolute dominion" over the property of the trusts. The reasons for creating and enforcing spendthrift trusts would not be served if we were unwilling to look beyond legal forms in this case. *In re Lichstrahl,* 750 F.2d 1488, 1490 (11th Cir.1985).

Thus, what comes into the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its own benefit over property, regardless of the title debtor may be acting under.

It would promote form over substance to examine the Gifford retirement plan solely from the perspective of the debtor's status as a beneficiary. We must look at the rights the debtor has over the whole and not just to the rights he has by acting in a particular capacity. Viewed in this manner, any fulfillment of the requirements for a spendthrift trust is only superficial. The debtor's right to gain access to the corpus, had he so desired, supports a finding of present control over the funds when he filed bankruptcy. Therefore, the retirement plan does not satisfy the control requirement for a spendthrift trust under Indiana Law. Section 541(c)(2) does not apply. The trust is property of the bankruptcy estate.

The debtor also contends that his control over the trust must comport with the restrictions imposed by ERISA, arguing termination of the plan would trigger significant tax penalties. The tax penalties are

insufficient to negate the revocable nature of this trust. *See In re Goldberg,* 59 B.R. 201, 207 (Bankr.N.D.Okla.1986); *In re O'Brien,* 50 B.R. 67, 76 (Bankr.E.D.Va. 1985).

The Gifford retirement trust is property of the bankruptcy estate and the objections to debtor's claimed exemption must be sustained, to the extent it exceeds $100.00. An appropriate order will be entered.