PER CURIAM.
 

 Harry LeFeber, an Indiana resident, receives a pension of $1000 per month from the Teamsters Central States Southeast and Southwest Areas Pension Fund. The Fund is an ERISA-qualified pension plan under 26 U.S.C. § 401(a) and contains limitations on the recipient which comply with 29 U.S.C. § 1056(d). The limitations forbid LeFeber to make any assignment of the right to receive benefits except that he may make a revocable assignment of ten percent of his benefits. He may not make an irrevocable assignment of any portion of his benefits.
 

 LeFeber fell on hard times and filed bankruptcy under Chapter 7 of the Bankruptcy Code. The trustee sought an order from the Bankruptcy Court to require Le-Feber to turn over to the estate the right to receive the ten percent of the pension that LeFeber has the power to temporarily assign. The trustee would distribute the money to creditors until all were paid in full. The Bankruptcy Court refused to enter such an order. Its decision was based on three grounds. First, the court believed that forced full repayment out of future income was inconsistent with the relief Chapter 7 was meant to provide. Second, the court found the power to assign ten percent of the benefits to be a “power that the debtor may only exercise solely for the benefit of an entity other than the debtor,” and thus not a part of the bankruptcy estate. 11 U.S.C. § 541(b)(1). Last, the court found that the pension plan only allowed a voluntary revocable assignment of benefits, and did not authorize the involuntary, irrevocable assignment that the trustee sought. The district court affirmed without written opinion.
 
 *
 
 The trustee appeals to this Court, and we affirm.
 

 
 *331
 
 The trustee argues that all interests of the debtor in property pass to the estate under 11 U.S.C. § 541(a)(1), that the right to receive benefits in the future is a present interest in property, Ind.Code § 30-3-2-1, and that the right to make a revocable assignment is not a power that can only be used on behalf of another. We need not express any view as to these issues because we hold that the pension is a spendthrift trust under Indiana law and therefore not included in the bankruptcy estate.
 

 The Indiana law on spendthrift trusts was amended in 1987. Indiana Code § 30-4-3-2 now reads:
 

 (a) The settlor may provide in the terms of the trust that the interest of a beneficiary may not be either voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee.
 

 (b) Except as otherwise provided in subsection (c), if the settlor is also a beneficiary of the trust, a provision restraining the voluntary or involuntary transfer of his beneficial interest will not prevent his creditors from satisfying claims from his interest in the trust estate.
 

 (c) Subsection (a) applies to a trust that meets both of the following requirements, regardless of whether or not the settlor is also a beneficiary of the trust:
 

 (1) The trust is a qualified trust under 26 U.S.C. 401(a).
 

 (2) The limitations on each beneficiary’s control over the beneficiary’s interest in the trust complies with 29 U.S.C. 1056(d).
 

 The pension plan at issue here is a trust meeting the requirements of subsection (c). Thus Ind.Code § 30-4-3-2 is “applicable nonbankruptcy law” under which a restriction on alienation is enforceable against creditors and enforceable in bankruptcy. 11 U.S.C. § 541(c)(2).
 

 The absolute restriction on alienation of ninety percent of the pension benefits is clearly within the terms of § 541(c)(2). The more difficult question is whether the possibility of voluntary revocable assignment of the remaining ten percent leaves that ten percent available for the bankruptcy estate. In our opinion, the restriction preventing an irrevocable assignment would be enforceable under Indiana law, and therefore § 541(c)(2) makes the same restriction enforceable in bankruptcy. It follows that the estate can get nothing more than a revocable assignment, and a revocable assignment is no better than no assignment at all.
 

 It could reasonably be argued that subsection (a) of the Indiana statute validates a restriction on transfer, but that the plan itself only places a restriction on ninety percent of the interest, leaving the assignable ten percent unprotected by the statute. The fact that subsection (c) refers to 29 U.S.C. § 1056(d) leads us to believe that the Indiana legislature meant to protect the ten percent which that section allows to be assigned as well. The legislative purpose of protecting pension payments from creditors is clear. We are not convinced that the Indiana legislature wished to divide pensions into protected and unprotected portions. What is more, there
 
 is
 
 a restriction on the transfer of the ten percent. It cannot be irrevocably assigned. That restriction is enforceable under nonbankrupt-cy law; it is therefore enforceable in bankruptcy as well.
 

 Because the restrictions on transfer of the beneficial interest in the pension plan are enforceable under Indiana law, the pension was properly excluded from the bankruptcy estate, and the district court’s order is
 

 Affirmed.
 

 *
 

 The order denying turnover was entered after the grant of a discharge. There are no other issues left in this case, and the denial of turnover was without question a final appealable order.