**In re David N. BLOCK, Debtor.**

**Bankruptcy No. 89–91230.**

United States Bankruptcy Court,
C.D. Illinois.

Aug. 1, 1990.

James A. Bennett, Mattoon, Ill., for debtor.

Mariann Pogge, Springfield, Ill., for creditor, Bank of Charleston.

---

## OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter is before the Court on an Objection to Exemption and Amendment to Objection to Exemption filed by Creditor, Bank of Charleston (Bank) and on the Debtor's Response to Objection of Exemptions. The Court, having heard arguments of counsel and having reviewed the briefs of the parties and the record of Debtors' bankruptcy, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules of Procedure:

## I.  FACTS

The material facts in this matter are not disputed; said facts having either been stipulated to by the parties or admitted as uncontested. The pertinent procedural history and facts are as follows:

1.  On October 23, 1989, Debtor filed a voluntary petition for bankruptcy under Chapter 7, of Title 11, of the United States Code.

2.  At the time of filing bankruptcy, Debtor's schedules indicate that Debtor's total liabilities were approximately $543,146.93, with $461,623.93 of that sum representing secured claims and $81,512 representing unsecured claims without priority.

3.  At the time of bankruptcy, Debtor's assets were valued at $499,599. The Debtor valued his real estate at $315,000 and his personal property at $184,599.

4.  The Debtor is a licensed, medical doctor specializing in neurology and is the sole owner, shareholder, and officer of a corporation known as David N. Block, M.D., Ltd. (Corporation), located at 105 Professional Plaza, Mattoon, Illinois.

5.  The Bank of Charleston (Bank) holds a claim against the Debtor in the approximate amount of $166,677, which is partially secured by a first mortgage on two condominiums having an estimated market value of $90,000.

6.  On December 13, 1989, the Bank filed its original Objection to Exemption in which it objected to the exemption by Debtor of any non-exempt funds transferred to Debtor's pension and profit-sharing plans within six months of Debtor's bankruptcy filing.

7.  Subsequently, on December 28, 1989, the Bank filed an amendment to its objection of December 13, 1989, in which the Bank objected to Debtor's exemption of any funds in Debtor's pension and profit-sharing plans in addition to its original objection of December 13, 1989.

8.  On January 22, 1990, the Debtor filed a response to the Bank's objections and a hearing was held on May 8, 1990.

9.  At hearing on May 8, 1990, the parties agreed that the Court should decide the issues presented based upon oral argument and briefs submitted by the parties.

10.  On May 1, 1990, the parties filed a written Stipulation of Facts in which the following pertinent facts were agreed to:

a.  The Debtor originally incurred debt to the Bank on April 1, 1987, in the amount of $184,000;

b.  At the time of filing bankruptcy, the only employees of David N. Block, M.D., Ltd., were the Debtor and two clerical workers, all of whom were covered under and participated in the Corporation's pension and profit-sharing plans;

c.  The Debtor is a beneficiary of the Corporation's money purchase pension plan;

d.  Both the Debtor and the Corporation treat the pension plan as a qualified ERISA employee benefit plan;

e.  The Debtor was and still is the administrator and named fiduciary of the pension plan through the Corporation;

f.  The Debtor, personally was, and still is the sole trustee of the pension plan;

g.  As of October 23, 1989, the total value of the Corporation's money purchase pension plan was $93,841;

h.  The Debtor is fully vested under the terms of the Corporation's pension plan;

i.  The Debtor is a beneficiary of the Corporation's profit-sharing plan;

j. Both the Debtor and the Corporation treat the profit-sharing plan as a qualified ERISA employee benefit plan;

k. The Debtor, through the Corporation, was and still is the administrator and named fiduciary of the profit-sharing plan;

l. The Debtor, personally was, at the time of his bankruptcy filing, and still is the sole trustee of the trust established to hold the profit-sharing plan funds;

m. As of October 23, 1989, the total value of the Corporation's profit-sharing plan was $78,857; and,

n. The Debtor is also fully vested in the Corporation's profit-sharing plan.

11. Together with their Stipulation of Facts, the parties submitted copies of the Corporation's money purchase pension plan and profit-sharing plan. There have been no objections to any provisions of these plans, and said plans will be fully considered in this Court's Opinion.

12. There appears to be no question that the pension and profit-sharing plans at issue are qualified plans under ERISA.

## II. DISCUSSION

The issues before the Court in this matter arise as a result of the enactment of Public Act 86–393 by the Illinois Legislature, which became effective on August 30, 1989, as Illinois Revised Statute, Chapter 110, paragraph 12–1006, which reads as follows:

**Sec. 12–1006. Exemption for retirement plans.**

(a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds 'of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

(b) "Retirement plan" includes the following:

(1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan;

(2) a government or church retirement plan or contract;

(3) an individual retirement annuity or individual retirement account; and

(4) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

(c) A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.

(d) This Section applies to interests in pension plans held by debtors subject to bankruptcy, judicial, administrative or other proceedings pending on or filed after the effective date of this amendatory Act of 1989.

■ The Debtor in this matter has claimed as exempt the entirety of his interest in the pension and profit-sharing plans described above. The Debtor's claim of exemption has been challenged by the Bank on arguments which raise questions of first impression to this Court. In rendering its opinion, this Court has looked to and carefully considered decisions rendered by other courts previously faced with the issues now before it, keeping in mind the unique facts of this case.

Until recently, the majority of courts which have addressed the issues raised in this case have, for one reason or another, found that ERISA-qualified pension plans should be made available to the bankruptcy Trustee and to the creditors. *See, e.g.: In re Flindall*, 105 B.R. 32 (Bankr.Ariz.1989); *In re Alagna*, 107 B.R. 301 (Bankr.D.Colo. 1989); *In re Dyke*, 99 B.R. 343 (Bankr.S.D.

Texas 1989); *In re Komet,* 104 B.R. 799 (Bankr.W.D.Texas 1989); *In re Goff,* 706 F.2d 574 (Cir.Ct. of App., 5th Cir.1983); *In re Graham,* 726 F.2d 1268 (Cir.Ct. of App., 8th Cir.1984); *In re Lichstrahl,* 750 F.2d 1488 (Cir.Ct. of App., 11th Cir.1985); and cases cited therein. These courts that have addressed the issues raised in this matter have considered state exemption statutes which were substantially similar to Illinois Revised Statutes, ch. 110, para. 12–1006. Within the last year, there has been a trend away from those decisions which found that ERISA-qualified plans should be made part of a debtor's bankruptcy estate. *See, e.g.: In re Komet,* 104 B.R. 799 (Bankr.W.D.Texas 1989); *In re Burns,* 108 B.R. 308 (Bankr.W.D.Okla.1989); *In re Messing,* 114 B.R. 541, 20 B.C.D. 819 (Bankr.E.D.Tenn. 1990); *In re Volpe,* 100 B.R. 840 (Bankr.W.D.Texas 1989); *In re Bryan,* 106 B.R. 749 (Bankr.S.D.Fla.1989); and cases cited therein.

Those courts which have found that ERISA-qualified pension and profit-sharing plans should be either exempt or excluded from the bankruptcy estate have also considered statutes similar to Illinois Revised Statutes, ch. 110, para. 12–1006, and have all been concerned with promoting the legislative policy of protecting pension benefits as qualified under ERISA. Although, all of these cases do consider statutes substantially similar to that found in Illinois, the Illinois Statute does contain an additional provision not found in these other statutes, that being paragraph 12–1006(c). It is this paragraph which brings this court to determine that the Debtor's claim of exemption in this case should be upheld. In a recent case brought in the Northern District of Illinois, *In re Balay,* 113 B.R. 429, 20 B.C.D. 545 (Bankr.N.D.Ill.1990), Judge Schwartz indicated in *dicta* that paragraph 12–1006(c) could be found to create a legitimate exclusion under 11 U.S.C. § 541(c)(2) for ERISA-qualified pension and profit-sharing plans as described in paragraph 12–1006. This court finds that the argument advanced by Judge Schwartz in *Balay* is persuasive, as has the Seventh Circuit Court of Appeals in its recent decision of *In re LeFeber,* 906 F.2d 330 (Cir.Ct.

of App., 7th Cir.1990). The Seventh Circuit, in deciding a case similar to the case at bar, ruled that ERISA-qualified plans are excluded from the bankruptcy estate based upon an Indiana statute having language nearly identical to the Illinois statute considered here.

This Court finds that it should follow the ruling of the Seventh Circuit in *LeFeber,* and that the decision in *LeFeber* clearly indicates that the Seventh Circuit has broken away from the majority and is following the current trend to exclude or exempt ERISA qualified pension and profit-sharing plans from bankruptcy. The Seventh Circuit, as well as this Court, recognizes there is an over-riding legitimate policy interest in protecting pension payments from creditors. Therefore, based upon the authority of *LeFeber,* this Court must find in favor of the Debtor herein and rules that, under Illinois Revised Statute, ch. 110, para. 12–1006(c), the Illinois Legislature has created a legitimate exclusion, pursuant to 11 U.S.C. § 541(c)(2), in declaring that ERISA-qualified plans are spendthrift trusts and, therefore, excluded from the bankruptcy estate.

In addition to its objections to the Debtor's entire exemption of his pension and profit-sharing plans, the Bank has argued that any funds from non-exempt assets transferred into the pension and profit-sharing plans by the Debtor within six months of his bankruptcy filing should be determined to be part of the bankruptcy estate as transfers made in contemplation of bankruptcy. In considering this argument, the Court has reviewed the facts and the testimony of the Debtor herein, and finds that Debtor has successfully rebutted the presumption that said funds were transferred in contemplation of bankruptcy. The Court finds that the Debtor's testimony was credible. As such, all funds that are presently in the Debtor's pension and profit-sharing plans are determined to be excluded from the bankruptcy estate.

### ORDER

For the reasons set forth in an Opinion entered on the 1st day of August 1990;

IT IS, THEREFORE, ORDERED that:

A. The Debtor's claim of exemption of his pension and profit-sharing plans, pursuant to Ill.Rev.Stat., ch. 110, para. 12–1006(c), is ALLOWED; and,

B. The Objection to Exemption and Amendment to Objection to Exemption filed by Creditor, Bank of Charleston, are DENIED.