**In re William Jeffrey WIMMER and Cynthia Sue Wimmer, f/k/a Cynthia Sue Hogan and Cynthia Sue Kipferschmid, Debtors.**

**Bankruptcy No. 89–82188.**

United States Bankruptcy Court,
C.D. Illinois.

Sept. 12, 1990.

Andrew W. Covey, Baymiller, Christison, Radley & Covey, Peoria, Ill., for trustee.

Charles E. Covey, Covey & Litterst, Ltd., Peoria, Ill., for debtors.

## OPINION

**WILLIAM V. ALTENBERGER,**
Bankruptcy Judge.

Before the Court is the objection filed by the Chapter 7 Trustee to the claim of exemptions filed by one of the Debtors, CYNTHIA SUE WIMMER.

The Debtors filed a joint Chapter 7 petition in bankruptcy on December 11, 1989. As of that date, the Debtor had terminated her employment with Ruppman Marketing Services, Inc., and was entitled to demand a lump sum distribution of at least $2,526.92 from an ERISA qualified employee benefit plan. She claimed her interest in that plan as exempt. The Trustee objected, and a hearing was held on March 5, 1990. The matter was taken under advisement by the Court and briefs were submitted by the parties.

Before turning to the precise issues raised in this case, an examination of the relevant provisions of the Bankruptcy Code as well as an overview of the Employee Retirement Income Security Act (ERISA) is helpful. Under Section 541(a) of the Bankruptcy Code, the bankruptcy estate is comprised of all legal or equitable interests of the debtor in property, wherever located and by whomever held, subject only to the exception of Section 541(c)(2). *Matter of Nichols,* 4 B.R. 711 (Bkrtcy.E.D.Mich.1980). Given this expansive definition, an interest in a trust or pension plan would clearly be included. In implementation of that broad sweep of property of the estate, Section 541(c)(1) provides that a debtor's interest in property becomes property of the estate notwithstanding any provision in any agreement, transfer instrument or applicable nonbankruptcy law that restricts or conditions transfer of such interest, subject to the exception of Section 541(c)(2). Again, an interest in a pension plan, even with a restriction on transfer, would become part of the estate, without regard to how it was created.

Section 541(c)(2) of the Bankruptcy Code, referred to as the "spendthrift trust" exception, provides that a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in bankruptcy. Under the majority rule, this exception is limited to true "spendthrift trusts" as traditionally viewed. *Matter of Goff,* 706 F.2d 574 (5th Cir.1983); *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985); *In re Dagnall,* 78 B.R. 531 (Bkrtcy.C.D.Ill.1987); *Matter of Osburn,* 56 B.R. 867 (Bkrtcy.S.D.Ohio 1986).

Prior to the enactment of the Bankruptcy Code in 1978, which revised the bankruptcy laws by significantly expanding the scope of the bankruptcy estate, Congress had passed ERISA in 1974, in response to the rapid growth in private employee benefit plans. One of the primary purposes of ERISA was to protect the interests of participants and their beneficiaries in pension plans from termination of plans without sufficient assets to pay benefits. *Pension*

*Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984). ERISA is designed to provide safeguards with respect to the establishment, operation and administration of plans. 29 U.S.C. Sections 1001(a) and (b);[1] *Fine v. Semet*, 514 F.Supp. 34 (S.D.Fla.1981), aff'd 699 F.2d 1091 (11th Cir.1983). Among those many safeguards are the regulation of the participation, funding, vesting, reporting, administering, as well as other aspects of such plans. *Hunacek v. Union Welfare Fund Local 202*, 100 Misc.2d 740, 420 N.Y.S.2d 156 (1979). One such restriction is found in Section 1056 which provides that benefits of a plan subject to ERISA may not be assigned or alienated, with some exceptions that are not applicable here. To insure national uniformity in employee benefit laws, Section 1144(a) of ERISA provides that ERISA shall supersede any and all state laws insofar as they may relate to any employee benefit plan. 29 U.S.C. Section 1144(a).

The "pension plans" covered by ERISA are of a wide variety. Prominent among the types of employee benefit plans are those established by large employers, where the distribution of funds is limited to death, disability, retirement at a specified age or termination of the plan. *Matter of Watkins*, 95 B.R. 483 (W.D.Mich.1988); *In re Richardson*, 75 B.R. 601 (Bkrtcy.C.D.Ill. 1987). Also common are plans established by small employers or small groups of professionals which permit distribution of funds upon termination of employment. *Matter of Brooks*, 844 F.2d 258 (5th Cir. 1988); *In re Slezak*, 63 B.R. 625 (Bkrtcy.W. D.Ky.1986); *In re Sundeen*, 62 B.R. 619 (Bkrtcy.C.D.Ill.1986). In order to comply with ERISA and qualify for beneficial tax treatment under the Internal Revenue Code, all such plans contain provisions prohibiting assignments and alienation of benefits.

The majority of courts have held that only pension plans which qualify as true spendthrift trusts under state law are ex-

**1.** Section 1001(a) and (b):

(a) Benefit plans as affecting interstate commerce and the Federal taxing power.

The Congress finds that the growth in size, scope, and numbers of employee benefit plans in recent years has been rapid and substantial; that the operational scope and economic impact of such plans is increasingly interstate; that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest; that they have become an important factor affecting the stability of employment and the successful development of industrial relations; that they have become an important factor in commerce because of the interstate character of their activities, and of the activities of their participants, and the employers, employee organizations, and other entities by which they are established or maintained; that a large volume of the activities of such plans is carried on by means of the mails and instrumentalities of interstate commerce; that owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of such plans; that they substantially affect the revenues of the United States because they are afforded preferential Federal tax treatment;

that despite the enormous growth in such plans many employees with long years of employment are losing anticipated retirement benefits owing to the lack of vesting provisions in such plans; that owing to the inadequacy of current minimum standards, the soundness and stability of plans with respect to adequate funds to pay promised benefits may be endangered; that owing to the termination of plans before requisite funds have been accumulated, employees and their beneficiaries have been deprived of anticipated benefits; and that it is therefore desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character of such plans and their financial soundness.

(b) Protection of interstate commerce and beneficiaries by requiring disclosure and reporting, setting standards of conduct, etc., for fiduciaries.

It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

cluded from the bankruptcy estate under Section 541(c)(2) of the Bankruptcy Code, notwithstanding the inclusion of an ERISA required anti-alienation and anti-assignment clause. A true spendthrift trust is one

> [C]reated to provide a fund for the maintenance of another while protecting the fund against the intended beneficiary's improvidence or incapacity.

> To qualify as a spendthrift trust, the beneficiary thereof must show that he or she cannot alienate his or her interest therein and that he or she does not possess exclusive and effective control over distribution or termination of the trust. Of particular interest is the extent of the dominion and control which the beneficiary exercises over the plan's assets. It is also accepted that the settlor of the trust cannot establish the trust for his or her own benefit. *In re Silldorff*, 96 B.R. 859 (C.D.Ill.1989).

Many states, dissatisfied with this result, passed laws, based on Section 522 of the Bankruptcy Code which permits states to establish exemptions for purposes of bankruptcy, which provide for the exemption of ERISA qualified employee benefit plans. *See Sterbach, Weiss & Salerno, Pre-Bankruptcy Planning for Professionals and ERISA Qualified Pension Plans: Are State Created Statutory Exemptions D.O.A. in Bankruptcy Proceedings?*, 94 Com.L.J. 229, Appendix at 257 (Fall 1989). Illinois enacted such a provision which became effective on August 30, 1989. Ill. Rev.Stat.1989, ch. 110, Pars. 12–1006(a) and (c). Subsection (a) of Section 12–1006 of the Illinois Code of Civil Procedure provides that the following is exempt:

> A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii)

is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

Subsection (c) provides:

> A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.

It is the validity and effect of those state provisions which are at issue here. It is not disputed that the pension plan in the case at bar does not qualify as a true spendthrift trust.

■ In support of his objection to the Debtor's claim of exemption, the Trustee first contends that Section 12–1006(a) is preempted by ERISA, and thus the Debtor may not claim her interest in the plan as exempt. The great majority of courts that have decided the preemption issue support the Trustee's position. *See In re McLeod*, 102 B.R. 60 (Bkrtcy.S.D.Miss.1989); *In re Brown*, 95 B.R. 216 (N.D.Okla.1989); *In re Sellers*, 107 B.R. 152 (Bkrtcy.E.D.Tenn. 1989); *In re Hirsch*, 98 B.R. 1 (Bkrtcy.D. Ariz.1988), aff'd, *In re Siegel*, 105 B.R. 556 (D.Ariz.1989); *In re Dyke*, 99 B.R. 343 (Bkrtcy.S.D.Tex.1989); *In re Sheppard*, 106 B.R. 724 (Bkrtcy.M.D.Fla.1989); *In re Komet*, 104 B.R. 799 (Bkrtcy.W.D.Tex. 1989). Section 514(a) of ERISA, (29 U.S.C. Section 1144), provides:

> Except as [otherwise] provided ... the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

This provision was interpreted by the Supreme Court in *Mackey v. Lanier Collections Agency & Service*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The Supreme Court reaffirmed its earlier position that a state law which makes "reference to" ERISA plans is a law which "relates to" those plans within the meaning of

Section 514(a) and are thus preempted. More emphatically, the Court stated:

> [W]e also conclude that *any* state law which singles out ERISA plans, by express reference, for special treatment is preempted. (Emphasis in original.)
> 108 S.Ct. at 2189, n. 12.

Because Section 12–1006(a) specifically refers to employee benefit plans that are qualified under ERISA it is preempted. The Illinois statute is not one of general application which only indirectly affects qualified benefit plans and thus withstands preemption. *See In re Komet, supra; In re Balay,* 113 B.R. 429 (Bkrtcy.N.D.Ill. 1990).

■ The amendment to the Illinois Exemption statute is, however, two-pronged. The first prong, discussed above—making the pension plan exempt—is clearly preempted. It is the second prong—excluding such plans from the bankruptcy estate by providing that all ERISA-qualified plans are conclusively presumed to be spendthrift trusts—which presents a more difficult question.

■ Under the United States Constitution, Congress' power to establish uniform laws on the subject of bankruptcy is paramount. *U.S. Const.,* Art. 1, Section 8, cl. 4. Under the Supremacy Clause of that pristine document, a state law that is contrary to federal bankruptcy law must yield. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *National Collection Agency, Inc. v. Trahan,* 624 F.2d 906 (9th Cir.1980); *Rhodes v. Stewart,* 705 F.2d 159 (5th Cir.1983). Moreover, any state law that frustrates "the purposes and full effect" of the bankruptcy laws is invalid. *In re Anchorage Intern. Inn, Inc.,* 16 B.R. 308 (Bkrtcy.D.Alas.1981); *In re Bonant,* 1 B.R. 335 (Bkrtcy.C.D.Calif.1979).

■ As noted above, the Congressional intent behind Section 541(c)(2) of the Bankruptcy Code is quite clear—only traditional spendthrift trusts are to be excluded from the bankruptcy estate. As many courts have noted, under this provision "most, if not all, pension plan funds are

included in the estate." *Matter of Kochell,* 732 F.2d 564 (7th Cir.1984). Yet Illinois has sought to make, by means of a conclusive presumption, a goose into a duck, despite the fact that it does not walk, sound or look much like a duck. This is a clear misuse of a conclusive presumption. As the court in *In re Kleist,* 114 B.R. 366 (Bkrtcy.N.D.N.Y.1990) noted, a conclusive presumption is not a rule of evidence but a substantive rule of law. *See, also, Legille v. Dann,* 544 F.2d 1 (D.C.Cir.1976). Long ago, in *U.S. v. Provident Trust Co.,* 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793 (1934), the Supreme Court stated the basis for the imposition of an irrebuttable presumption:

> [E]vidence of certain kinds of facts is excluded "because its admission would injure some other cause more than it would help the cause of truth, and because the avoidance of that injury is considered of more consequence than the possible harm to the cause of truth."

Irrebuttable presumptions are disfavored in the law and must have some rational basis. *Vlandis v. Kline,* 412 U.S. 441, 446, 93 S.Ct. 2230, 2233, 37 L.Ed.2d 63 (1973). A legislature may not employ conclusive presumptions to legislate a fact which is at odds with actualities. *Heiner v. Donnan,* 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1982); *United States v. Manufacturers' Ass'n. of Reloc. Bldg. Ind.,* 462 F.2d 49 (9th Cir.1972). That all ERISA qualified pension plans are spendthrift trusts is not necessarily or universally true, as attested by the myriad of cases finding pension plans not to be excluded from the bankruptcy estate. There is but one reason for the enactment of the Illinois statute. That is to exclude all pension plans of Illinois residents from the bankruptcy estate, whether or not those plans are true spendthrift trusts. This is a bold attempt to undermine Section 541(c)(2) of the Bankruptcy Code which cannot succeed. Accordingly, to the extent Section 12–1006(c) excludes from the bankruptcy estate a pension plan which is not a true spendthrift trust under Illinois law, it is invalid under the Supremacy Clause.[2]

**2.** The Trustee did not make an outright challenge to the constitutionality of the Illinois stat-

While the court in *Kleist, supra,* upheld a recent amendment to the New York exemption statute which is essentially identical to Section 12–1006(c), it expressed serious concerns:

> The potential for abuse created by the New York legislature's use of a "conclusive presumption" in this context, also a product of the 1989 amendments, is further troubling. It allows debtors to retain the freedom to withdraw their funds, while simultaneously insulating those assets from creditors. The effect of this dichotomous treatment appears, unfortunately, to subvert the policy underlying the state spendthrift trust law, as well as the United States Bankruptcy Code's intent.

It is well-established that non-bankruptcy law will initially determine the debtor's interest in property, yet the question of what constitutes property of the estate is a federal question. Here, Congress has declared, through Code section 541(c)(2), that deference will be accorded to the respective state created boundaries defining spendthrift trusts. New York has exercised its prerogative by "bootstrapping," that is, statutorily placing certain property under the control of the debtor within the protection ordinarily provided only to trusts possessing traditional spendthrift qualities.

It is essentially for those reasons that this Court reaches an opposite conclusion.

This Court does not believe that the recent decision of the Seventh Circuit Court of Appeals in *In re LeFeber,* 906 F.2d 330 (1990), requires a contrary result. In that case the Trustee sought a turnover of only that portion of the $1,000.00 a month pension that the debtor was currently receiving, which the debtor had the right to temporarily assign. The bankruptcy court denied the Trustee's request and the district court affirmed that decision on appeal. The Seventh Circuit held that the pension plan was excluded from the bankruptcy estate under Section 541(c)(2). The court's decision was based on a recent amendment to Indiana spendthrift law which provided:

> (a) The settlor may provide in the terms of the trust that the interest of a beneficiary may not be either voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee.

> (b) Except as otherwise provided in subsection (c), if the settlor is also a beneficiary of the trust, a provision restraining the voluntary or involuntary transfer of his beneficial interest will not prevent his creditors from satisfying claims from his interest in the trust estate.

> (c) Subsection (a) applies to a trust that meets both of the following require-

---

ute, and, therefore, no certification was provided to the Attorney General pursuant to 28 U.S.C. Section 2403(b). This Court did, however, have the benefit of the brief filed by the State of Illinois in *In re Dunn,* Adv. No. 90–7003.

Because of this Court's determination that Section 12–1006(c) is invalid so far as it operates to exclude a pension plan which is not a true spendthrift trust, this Court does not specifically rule that Section 12–1006(c) is preempted by ERISA. While a number of courts have held that ERISA does not preempt general state spendthrift law, those cases did not involve a specific provision of state spendthrift law which was directed only at employee benefit plans. *See In re Hysick,* 90 B.R. 770 (Bkrtcy.E.D.Pa. 1988); *In re Pettit,* 61 B.R. 341 (Bkrtcy.W.D. Wash.1986). Explaining the rationale behind this rule, the court in *In re Kellas,* 113 B.R. 673 (D.Or.1990), relying on the decision of the Bankruptcy Appeals Panel in *In re Kincaid,* 96 B.R. 1014 (9th Cir. BAP 1989), stated:

> While ERISA preempts state law, it does not invalidate federal law. In a bankruptcy pro-

ceeding, the court's use of state spendthrift trust law is not an application of state law to ERISA. Rather, the spendthrift trust law is seen as federal bankruptcy law relating to ERISA:

> [A]n examination of an ERISA plan under state spendthrift trust law as mandated by section 541(c)(2) is not an application of *state* law to an ERISA plan, but rather the application of *federal* bankruptcy law to an ERISA plan.

96 B.R. at 1018 (emphasis added).

The common law of spendthrift trusts lacks a sufficient connection to ERISA to warrant preemption under section 1144(a). That reasoning would not apply here because ERISA and Section 12–1006(c) are clearly interconnected. And, given the Supreme Court's statement in *Mackey, supra,* at footnote 12, referred to above at pages 542–43, it is doubtful that Section 12–1006(c) would survive preemption.

ments, regardless of whether or not the settlor is also a beneficiary of the trust:

(1) The trust is a qualified trust under 26 U.S.C. 401(a).

(2) The limitations on each beneficiary's control over the beneficiary's interest in the trust complies with 29 U.S.C. 1056(d).

The court held that the debtor's ERISA qualified pension plan met the requirements of subsection (c) and that the Indiana statute constituted "applicable nonbankruptcy law" under Section 541(c)(2) of the Bankruptcy Code. The court did not discuss whether there were other provisions of the plan which were antithetical to a spendthrift trust. As noted, at the time of the bankruptcy, the debtor was receiving monthly pension payments and thus there was not an issue of the debtor's control over the pension funds.

There is a significant difference between the Indiana statute and that enacted by Illinois. The former does not employ a conclusive presumption. The effect of the Indiana statute was discussed by the bankruptcy court in *Matter of Gifford*, 93 B.R. 636 (Bkrtcy.N.D.Ind.1988). Determining that the amendment to the statute did not abrogate the spendthrift trust requirement that the debtor-beneficiary could have not present dominion or control over the trust assets, the court said:

Indiana did not and could not have intended to validate all qualified, beneficiary created plans by the amendment, regardless of their terms. Instead, a proper reading of the amendment shows that the state legislature intended to alter only the first requirement of a valid spendthrift trust [that the settlor may not be a beneficiary of the trust]. The second [requirement that the terms of the trust must prohibit the transfer of the beneficiary's interest] and particularly the third [requirement that the debtor-beneficiary could have no present dominion or control over the trust assets] have been left intact. This court holds, therefore, that

In order for an ERISA-qualified plan to meet the section 541(c)(2) exception, the debtor-beneficiary cannot possess any present access to his interest in the plan at the time the bankruptcy is filed ... [T]he prime requirement a plan must possess to fit within the section 541(c)(2) exception ... is that the participant/beneficiary cannot possess *any means* ... by which the participant could gain access to the funds.

Thus, it appears that the Indiana exemption provision may be given a limited interpretation. In the recent decision of *In re Tomer*, 117 B.R. 391 (Bkrtcy.S.D.Ill.1990), Judge Meyers gave *LeFeber* a similar interpretation, noting that the pension plan at issue there did not contain a provision allowing the withdrawal of plan benefits prior to the completion of the plan according to its terms.

This Court recognizes that there are decisions which reach a contrary result. In *In re Balay*, *supra*, Judge Schwartz, in dicta, concluded that Section 12–1006(c) is valid, stating:

In sum, paragraph 12–1006(c) of the Illinois Act has adopted the trust attributes of ERISA as its own in defining what constitutes a spendthrift trust under Illinois law. Although a trust's tax qualified status under 401(a)(13) of the IRC only depends upon its anti-alienation provision, to deem such trusts spendthrift is not an abrogation of the common law of Illinois of spendthrift trust. Rather, the Court views the Illinois Act as an attempt by the legislature to create a very narrow exception to Illinois spendthrift law applicable only to retirement plans, that are tax qualified. Furthermore, it is reasonable to assume that the Illinois legislature was fully aware of the judicial decisions voiding various state exemption statutes on the basis of ERISA's section 1144(a) pre-emptive language.

In *In re Block*, 121 B.R. 810 (J. Fines, August 1, 1990), Judge Fines, a fellow Bankruptcy Judge in this District, gave a broader reading to *LeFeber*, and persuaded by the court's reasoning in *Balay*, held that Section 12–1006(c) creates a legitimate exclusion under Section 541(c)(2) for ERISA-

qualified plans. This Court respectfully disagrees with those decisions.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion filed this day;

IT IS HEREBY ORDERED that the Trustee's Objection to the Debtor's Claim of Exemptions is ALLOWED.