**In the Matter of James E. CHILDS, Debtor.**

**Bankruptcy No. 2–91–00022.**

United States Bankruptcy Court, D. Connecticut.

July 9, 1991.

Charles E. Moller Jr., Wethersfield, Conn., for debtor.

R. Richard Croce, Germain & Associates, Hartford, Conn., for trustee.

MEMORANDUM OF DECISION RE: STATUS OF DEBTOR'S INTEREST IN STATE EMPLOYEES RETIREMENT SYSTEM

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

The principal issue before the court is whether a non-retired debtor's interest in the Connecticut state employees retirement system is property of the debtor's estate. The court determines that it is not, but in the alternative, rules that if it is, a state statute permits the debtor to claim the interest as exempt.

## II.

### BACKGROUND

The pertinent facts have been stipulated by the parties. James E. Childs, the debtor, is fifty-two years old, single, without dependents, in good health, and a Connecticut state employee for the past twenty one years who continues to be so employed. A condition of his employment as professor at Middlesex Community College has been that he become and remain a member of the retirement system administered under the Connecticut State Employees Retirement Act, Conn.Gen.Stat. § 5–152 *et seq.* Members' retirement benefits are funded by payroll deductions (calculated by statutory formula) and contributions from the state if actuarially required. Conn.Gen. Stat. § 5–161(a) and (b). If an employee leaves employment at any time, the employee's contributions are returned with five percent interest. After ten years, employees receive a vested interest in the retirement fund, and upon leaving state service may elect either monthly benefits, if the minimum retirement age has been reached or if disabled, or may take a lump sum refund of employee contributions plus five percent interest. Conn.Gen.Stat. § 5–171 provides that any assignment by a member or beneficiary is void, and that all payments are exempt from claims of creditors.[1]

The debtor's interest in the retirement system, as of the date of the filing of his Chapter 7 petition, amounted to $13,232. The debtor claims that such sum is not property of the estate, but if determined that it is, he may exempt it either under Bankruptcy Code § 522(d)(10)(E) or state exemption statutes. Thomas E. Germain, trustee in the debtor's case, contends that the debtor's interest is property of the estate and not exemptive.

## III.

### DISCUSSION

#### A.

Bankruptcy Code § 541 is a detailed, broad and encompassing provision under which a bankruptcy estate generally consists of all legal and equitable interests of the debtor in property as of the commencement of the case "notwithstanding any provision ... that restricts or conditions transfer of such interest by the debtor." Code § 541(c)(1)(A). A statutory exclusion is contained in Code § 541(c)(2) which provides that "[a] restriction on the transfer of a beneficial interest of the debt-

---

1. Conn.Gen.Stat. § 5–171:

   Any assignment by a member or beneficiary of any amount payable to either under the terms of this chapter shall be null and void. Each such payment shall be for the support of the member or beneficiary entitled thereto and shall be exempt from the claims of creditors of such member and beneficiary. If the provisions of this section are contrary to the law governing a particular circumstance, then, as to that circumstance, any payment shall be exempt to the maximum extent permitted by law.

or in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

Much of the controversy in the courts surrounding Code § 541(c)(2) relates to whether the phrase "applicable nonbankruptcy law" includes voluntary retirement plans which are qualified under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA) and contain mandated anti-alienation provisions. Four circuits to date have adopted a position which relies upon legislative history[2] and holds that Code § 541(c)(2) refers only to state spendthrift law and, accordingly, does not automatically include ERISA-qualified plans notwithstanding their restrictions against transfer.[3] *Matter of LeFeber*, 906 F.2d 330, 331 (7th Cir.1990); *In re Daniel*, 771 F.2d 1352, 1360 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985); *Matter of Goff*, 706 F.2d 574, 587 (5th Cir.1983). Two circuits hold that under the plain-language doctrine legislative history is not examined, and that ERISA-qualified plans are clearly within the language of § 541(c)(2) and thus excluded from property of the estate. *In re Moore*, 907 F.2d 1476, 1479 (4th Cir.1990); *In re Lucas*, 924 F.2d 597, 602 (6th Cir.1991).

Only one circuit has to date directly dealt with the issue presented here of the applicability of Code § 541(c)(2) to nonretired state employees' interests under an involuntary state retirement statutory system roughly comparable to that of Connecticut. The Eighth Circuit in *In re Swanson*, 873 F.2d 1121 (8th Cir.1989), ruled that employee interests in a state-created (Minnesota) teachers retirement fund under which public-school teachers made mandatory contributions, refundable upon retirement or termination of employment, were property of the estate. The court stated:

> [M]embers are entitled to a refund of their contributions to the Fund upon termination of employment. While this is a very limited right over the Funds, the ability of the beneficiaries to control trust assets in any way is inimical to the policies underlying the spendthrift trust. We believe that the Fund is actually a form of deferred compensation, whereas a spendthrift trust is generally used for the maintenance and support of its beneficiaries.

*Id.* at 1124. *Accord, In re Lyons*, 118 B.R. 634, 640 (C.D.Ill.1990) (Illinois State Employees Retirement System does not qualify as spendthrift trust since refund available upon termination of employment); *Hollis v. State Employees' Retirement Sys. of Illinois (In re Groves)*, 120 B.R. 956, 960 (Bankr.N.D.Ill.1990) (same); *In re Dagnall*, 78 B.R. 531, 534 (Bankr.C.D.Ill. 1987) (same); *Redfield v. Ansbro (In re Goldberg)*, 98 B.R. 353, 356 (Bankr.N.D.Ill. 1989) (Illinois Public School Teachers Pension and Retirement Fund does not qualify as spendthrift trust since refund available upon termination of employment); *In re Werner*, 31 B.R. 418, 421 (Bankr.D.Minn. 1983) (Minnesota Teachers Retirement Act does not qualify as spendthrift trust since self-settled and refund available upon termination of employment). I believe that *Swanson* would not be followed in this

2. Section 541(c)(2) "continues over the exclusion from property of the estate of the debtor's interest in a spendthrift trust to the extent the trust is protected from creditors under applicable state law." [Footnotes omitted] H.Rep. No. 595, 95th Cong., 2nd Sess. 175, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6136.

3. One reason frequently mentioned by courts for excluding some ERISA-qualified pension plans as enforceable spendthrift trusts is that beneficiaries retain dominion and control over the time when the funds in the plan may be disbursed to them. Typically it is the right to obtain a refund upon termination of employment. *See, e.g., In re Silldorff*, 96 B.R. 859, 864 (C.D.Ill.1989). Another stated reason is that ERISA plans are commonly funded by the employee-beneficiary with her own monies, withheld by the employer at the request of the employee. Traditional spendthrift trust law uniformly denies enforcement of such "self-settled" trusts. *See, e.g., Greenwich Trust Co. v. Tyson*, 129 Conn. 211, 219, 27 A.2d 166, 171 (1942) (public policy denies validity to a spendthrift trust where a person seeks to place his property in trust for his own benefit and beyond the reach of creditors).

circuit. The debtor's interest in the Connecticut retirement system is hardly self-settled in the traditional sense. It is a nonwaivable condition of employment that a portion of the employee's salary be taken to fund a pension system for reasons seemingly congruent to those underlying the federal social security system. The debtor has no right to increase the amount of the payroll deductions and thereby unilaterally increase the value of the property interest in the fund. The New York Court of Appeals in *Caravaggio v. Retirement Bd. of Teachers' Retirement Sys.*, 36 N.Y.2d 348, 354, 329 N.E.2d 165, 169, 368 N.Y.S.2d 475, 481 (1975) noted that a state pension plan was not "unlike a spendthrift trust, except that it is stronger in purpose by virtue of statute and constitution." With respect to the issue of dominion and control, Connecticut courts have not disqualified privately-created pension plans as spendthrift trusts because an employee may receive a refund of contributions upon termination of his employment. *See, Hildreth Press Employees Fed. Credit Union v. Connecticut Gen. Life Ins. Co.*, 30 Conn.Supp. 513, 514, 295 A.2d 54, 55 (Conn.App.Div.C.P.), *cert. denied*, 163 Conn. 643, 295 A.2d 669 (1972). *See, also, In re Hurd*, No. H–77–993, 1978 WL 14276 (D.Conn. July 12, 1978) (LEXIS, Bkrtcy library, Cases file) (Seidman, J.). *Cf., In re Wiggins*, 60 B.R. 89, 95 (Bankr. N.D.Ohio 1986) (where ERISA plan permitted refund upon termination of employment, "ramifications of terminating one's employment are sufficiently self-defeating so as to discourage an abuse of the right to receive a payment").

In light of the foregoing discussion, Connecticut statutory laws (as supplemented by Connecticut decisional law) which create a mandatory retirement system in which state employees hold beneficial interests, with restrictions on transfer of such beneficial interests, qualify as the "applicable nonbankruptcy law" of Code § 541(c)(2).[4]

### B.

■ Bankruptcy Code § 522(b)(1) allows an individual debtor to select as exemptions those specified in subsection (d) of that section unless state law does not so authorize, or, alternatively, under § 522(b)(2)(A) select those exemptions specified by "... State or local law." Connecticut has not opted out of the federal exemptions and the debtor, consequently, may elect the Connecticut statutory exemptions. Although Connecticut has a general exemption law, Conn.Gen.Stat. § 52–352(b), it is obvious that Conn.Gen.Stat. § 5–171 also operates as an exemption statute. Accordingly, if the debtor's interest in the Connecticut employee's retirement system is property of the estate, it would be exempted if the debtor selects the state-law exemptions. *See, In re West*, 81 B.R. 22 (9th Cir. BAP 1987) (debtor's interest in ERISA plan qualifies as valid spendthrift trust under state law, and, alternatively, is exempt as pension under state law.) *Cf., In re Werner*, 31 B.R. 418, 423 (Bankr.D.Minn.1983).

### IV.

### CONCLUSION

The debtor's interest in the retirement system administered under the Connecticut State Employees Retirement Act is, pursuant to 11 U.S.C. § 541(c)(2), excluded as property of the estate. Alternatively, the debtor's interest is exempt under Conn. Gen.Stat. § 5–171. The trustee's conten-

---

**4.** The Second Circuit in *Regan v. Ross*, 691 F.2d 81 (2nd Cir.1982) held that a retired debtor's monthly New York state pension payments were property of the estate and that § 541(c)(2) "was not intended to bar the use of such benefits in a voluntary repayment plan confirmed under Chapter 13." *Id.* at 83. The court noted that payments from a pension plan are covered by Code § 522(d)(10)(E) which permits a debtor to exempt from estate property "a payment un-

der a ... pension ... plan or contract on account of illness, disability, death, age, or length of service.... An exemption for pension benefits, to be exercised at the election of the debtor, would be surplusage if the benefits were to be property of the estate." *Id.* at 86. *Regan*, accordingly, is distinguishable from the present matter which is concerned with a debtor's interest in an unmatured pension plan. *Cf., In re Clark*, 711 F.2d 21, 22 (3rd Cir.1983).

**18**

tions to the contrary are overruled.[5] It is SO ORDERED.

---

**5.** Although it apparently makes no difference in this proceeding whether the debtor retains his retirement benefits either under Code § 541(c)(2), or under Conn.Gen.Stat. § 5–171, this distinction can be of consequence to debt- ors generally. Connecticut exemptions, compared to federal exemptions, are quite limited. For example, Connecticut recognizes no homestead exemption.