NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: EDWARD WILLIAMS CUTTER, II, | No. 09-60014 |
| Debtor, | BAP No. CC-07-1436-MoDK |
| EDWARD WILLIAMS CUTTER, II, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| DAVID SEROR, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Montali, and Dunn, Bankruptcy Judges, Presiding

Submitted December 5, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without ora argument.  Fed. R. App. P. 34(a)(2).

Edward Williams Cutter, II ("Edward"), the debtor, and John F. Cutter, as guardian ad litem for Trip Cutter, Edward's son, appeal from the opinion of the Bankruptcy Appellate Panel ("BAP") affirming the Bankruptcy Court's determination that the Edward Williams Cutter, 2d Inter-Vivos Trust dated May 23, 1998 (the "Trust"), was a "self-settled trust" under California law and that Edward's creditors could reach all of the Trust assets contributed by Edward. *In re Cutter*, 398 B.R. 6, 20-21 (B.A.P. 9th Cir. 2008). We affirm the Bankruptcy Court.[1]

We review the Bankruptcy Court's determination of historical facts for clear error but review de novo its selection of the applicable legal rules and the application of the facts to those rules. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791-92 (9th Cir. 1997) (en banc).

**1.** Appellee requests that we dismiss this appeal because: (a) appellants failed to provide an adequate record to permit proper review; (b) appellants failed to properly serve the record; and (c) the appeal is frivolous. Although appellants have failed to comply with our rules concerning the record and briefs, and as we subsequently hold, the appeal lacks merit, we decline to dismiss the appeal.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

**2.** The first of the two issues appellants seek to raise on appeal is that Trip was denied due process when the Bankruptcy Court failed to provide him with counsel to be paid from the Trust when Trip's first attorney withdrew. The issue was not preserved and is without merit. Appellants have not shown that the issue was raised before the Bankruptcy Court or the BAP. Furthermore, it does not appear that John Cutter, as guardian ad litem for Trip, was an appellant before the BAP. Appellants base their argument on the right to counsel under the Sixth Amendment, but the Sixth Amendment by its own terms applies only to criminal prosecutions. Finally, appellants' assertion that a claimant to disputed funds is entitled to use the funds to underwrite his claim is not reasonable and appellants have offered no authorities to support the assertion.

**3.** Appellants' second argument on appeal is that the real property on Wilkinson Street in North Hollywood had no value when it was transferred to the Trust and therefore is not a self-settled asset. In support of their argument, appellants cite an unpublished decision by the California Court of Appeal, Second District. *Lavetts v. Cutter*, No. B172197, 2004 WL 2537589 (Cal. Ct. App. 2004). However, a review of that opinion reveals that it holds that "there was adequate consideration for the transfer." *Lavetts*, 2004 WL 2537589 at \*4. The Bankruptcy Court properly concluded that the Wilkinson property was a self-settled asset.

3

We determine that there is a complete lack of merit to appellants' contentions on appeal. We seriously considered sanctioning appellants or their counsel for their failure to comply with our rules covering briefs and the record, but have decided not to do so. The Bankruptcy Court's decision is **AFFIRMED**.