In re Swarna L. **THADIKAMALLA,** Debtor.

**Robert Trauner, as Chapter 7 Trustee for the Estate of Swarna L. Thadikamalla, Plaintiff,**

v.

**Swarna L. Thadikamalla; Sohini Ayinala; Anuj Thadikamalla; Thadikamalla L.L.L.P.; and the Estate of Krisha Thadikamalla, Defendants.**

**Bankruptcy No. 09–71254–MGD. Adversary No. 11–05233.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 28, 2012.

234

William Russell Patterson, Ragsdale Beals Seigler Patterson & Gray, Atlanta, GA, for Plaintiff.

Lindsay M. Haigh, Haigh & Associates, LLC, Duluth, GA, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART THE CHAPTER 7 TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MARY GRACE DIEHL, Bankruptcy Judge.

This action chiefly involves the chapter 7 Trustee seeking a determination as to the estate's interest in a partnership, partially owned by the Debtor. The Defendants in this action are Debtor, the estate of Debtor's late husband, and their two adult children.

Pre-petition, the Debtor's husband formed a partnership with his family members—Debtor and their two children—for the purpose of holding real estate. Debtor's husband died pre-petition but the partnership continued. To determine the estate's interest in the partnership and the property held by the partnership, the Court must look to applicable Georgia partnership laws and the deceased's will.

The chapter 7 Trustee, Robert Trauner ("Trustee") moves for partial summary judgment as to six counts of the Complaint (Docket No. 36):

Count One: Declaratory Judgment of Debtor's 70% interest in Thadikamalla, L.L.L.P.;

Count Two: Turnover of Thadikamalla L.L.L.P. Property;

Count Four: Avoidance and Recovery of a post-petition transfer of Debtor's interest in Thadikamalla L.L.L.P.;

Count Five: Turnover of funds held by Thadikamalla L.L.L.P.;

Count Six: Partition & Sale of Property held by Thadikamalla L.L.L.P.; and

Count Eight: Avoidance and Recovery of a post-petition transfer from Debtor to Defendant Sohini Ayinala

Defendants filed a response and Trustee filed a Reply. (Docket Nos. 44 & 47). Trustee relies on his Statement of Material Facts (Docket No. 37), the March 3, 2011 Rule 2004 Examination of Sohini Ayinala, the March 1, 2012 Rule 30(b)(6) Deposition of Defendant Sohini Ayinala, as representative of Defendant Thadikamalla L.L.L.P., the March 1, 2012 deposition of Debtor[1], and the case record. For the reasons set forth below, Trustee's Motion for Partial Summary Judgment will be granted in part and denied in part.

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and jurisdiction over this action is set forth in 28 U.S.C. §§ 157(b) and 1334(b).

## I. Facts

The following are the undisputed facts presented by the pleadings, discovery, depositions, and other materials on file. Debtor filed chapter 7 bankruptcy on May 1, 2009. Debtor holds a partnership interest in Thadikamalla, L.L.L.P. ("Partnership"), which was formed December 28, 2000. Docket No. 37, *Statement of Material Facts ("SOF")*, ¶ 1. The Partnership had four partners, Debtor's husband, Krishna M. Thadikamalla, Debtor, and their children, Sohini Ayinala and Anuj Thadikamalla (collectively, "Defendants" or "Partners"). *Id.* at ¶ 2. Mr. Thadikamalla organized and created the Partnership and served as the original registered agent with his home address serving as the address of record. *Complaint* at ¶¶ 10, 12. No formal partnership document has ever been executed by any of the Partners. *SOF* at ¶ 3. While living, Mr. Thadikamalla acted as the *de facto* general partner for the Partnership. *Id.* at ¶ 4.

Mr. Thadikamalla died pre-petition, in November 2002. *Id.* at ¶ 16. Mr. Thadikamalla's last will and testament ("Will") established a credit shelter trust ("Trust") for the benefit of his wife, Debtor. *Complaint*, Exhibit G. The Trust was to provide for the health, maintenance, and support of Debtor. *Id.* at Item V, D. Upon the deaths of Mr. Thadikamalla and Debtor, remaining property of the Trust would be divided into equal shares for each child or the surviving members of the child's family. *Id.* at Item V, F. The Will has age restrictions for distribution of the Trust shares upon the death of the surviving spouse, here, Debtor. *Id.* at Item V. The Trust corpus was not protected; rather, the Trust was to support the beneficiaries as well as possible during their lifetime. *Id.* at Item V, F.

No action was taken by the Partners regarding the continuation or termination of the Partnership after Mr. Thadikamalla's death. *SOF*, ¶¶ 19–20. The Partnership did not provide Mr. Thadikamalla's estate with any cash following his death. *Id.* at ¶ 20. At the time of Mr. Thadikamalla's death, the Partnership interests were as follows: 60% for Mr. Thadikamalla; 10% for Debtor; 10% for Ms. Ayinala; and 20% for Anuj Thadikamalla. *Id.* at ¶ 17. The 2008 Partnership tax return, Form 1065, listed Debtor's interest in the Partnership as 70% based on her Partnership interest and as a domestic partner. *Complaint*, Exhibit H. The 2008 Partnership tax return listed Ms. Ayinala's Partnership interest as 10%, and Anuj Thadikamalla's Partnership interest as 20%. *Id.*

Pre-petition, the Partnership acquired five beach properties located in Myrtle Beach, South Carolina ("Beach Condos"). *Id.* at ¶ 5. At the time of the petition, the

---

1. The original depositions were filed with the Court. (Docket No. 39).

Beach Condos were owned by and titled in the Partnership. *Id.* at ¶ 24. Each Beach Condo appears to have equity, and three are totally unencumbered. When the Partnership acquired title to 321 Sandy Beach the fair market value was not less than $124,500.00. *Id.* at ¶ 6. Currently, there is no secured debt related to 321 Sandy Beach. *Id.* at ¶ 7. When the Partnership acquired title to 1021 Sandy Beach, the fair market value was not less than $124,500.00. *Id.* at ¶ 8. Currently, there is no secured debt related to 1021 Sandy Beach. *Id.* at ¶ 9. When the Partnership acquired title to 1516 Ocean Reef, the fair market value was not less than $189,900.00. *Id.* at ¶ 10. Currently, there is no secured debt related to 1516 Ocean Reef. *Id.* at ¶ 11. When the Partnership acquired title to 725 Compass Cove, the fair market value was not less than $120,500.00. *Id.* at ¶ 12. The current mortgage balance for 725 Compass Cove is less than $70,000.00. *Id.* at ¶ 13. When the Partnership acquired title to 1521 Compass Cove, the fair market value was not less than $244,000.00. *Id.* at ¶ 14. The current mortgage balance for 1521 Compass Cove is less than $159,000.00. *Id.* at ¶ 15.

Pre-petition, beginning in March 2008, Debtor made 4 cash transfers from her personal accounts to the Partnership. *Id.* at ¶ 33. The total amount of these transfers was $34,000.00. *Id.* Debtor made an additional pre-petition $12,417.91 transfer less than a month before her chapter 7 filing. *Id.* at ¶ 35.

The 2009 Partnership tax return reported a change in the Partners' ownership interests in the Partnership. The ownership interest reported by Debtor was 10%. *Id.* at ¶ 29. Ms. Ayinala's Partnership interest was reported as 40%, and Anuj Thadikamalla's interest was reported as 50%. *Id.*

Separate and apart from Debtor's Partnership interest, Debtor withdrew $26,000.00 from her bank account four days post-petition. *SOF,* ¶ 25. This sum was deposited approximately two weeks later into an account in the name of Ms. Ayinala. *SOF,* ¶¶ 25, 27. Defendants state that this account was established by Ms. Ayinala for Debtor's benefit. Docket No. 44; *Response to SOF,* ¶ 28.

## II.  Summary Judgment Standard

In accordance with Rule 56 of the Federal Rules of Civil Procedure, applicable to this Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Material facts are those which might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, a dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party has the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372 (11th Cir.1982). Once this burden is met, the nonmoving party cannot rely merely on allegations or denials in its own pleadings. Fed.R.Civ.P. 56(e). Rather, the nonmoving party must present specific facts that demonstrate there is a genuine dispute over material facts. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir.1993). The "[o]ne who resists summary judgment must meet the mov-

ant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir.2000); FED. R. CIV. P. 56(e).

Where the nonmoving party bears the burden of proof at trial, the burden can be satisfied if the moving party demonstrates the absence of evidence supporting the nonmoving party's case. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir.2004). In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985). It remains the burden of the moving party to establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. Discussion

Defendants assert that material issues of fact remain as to Debtor's interest in the Partnership based on the Will. The Court disagrees. The dispute is a legal question, requiring a determination as to applicable Georgia partnership law and the effect of the Will. Trustee has established sufficient undisputed, material facts regarding the formation and operations of the Partnership, and the Will is in the record. Therefore, Defendants' argument that factual disputes serve as a basis to deny Trustee's motion fails. The Court finds that the material facts are undisputed, and summary judgment is appropriate.

### A. Debtor's 70% interest in the Partnership is property of the estate.

In Count I, Trustee seeks a declaratory judgment regarding Debtor's interest in the Partnership. Specifically, Trustee seeks a determination that (1) the Partnership is dissolved; (2) Trustee is entitled to an equitable liquidation and "winding up" of the affairs of the Partnership; and (3) Trustee is entitled to not less than 70% of the Partnership property, including the Beach Condos. Although the Court determines that Debtor's and the estate's interest in the Partnership is 70%, the legal basis for reaching this conclusion differs from the legal theory advanced by Trustee.

### 1. The Partnership will be treated as a limited liability Partnership governed by *Georgia Revised Limited Partnership Act.*

The parties agree that a limited liability partnership was formed, and the parties agree to the relative ownership percentages for each Partner at the time of Mr. Thadikamalla's death.[2] The parties erroneously cite to and rely upon Chapter 9A (Limited Partnership) of Title 14 of the Official Code of Georgia. However, Georgia's Revised Limited Partnership Act became effective July 1, 1988 and is the applicable law based on the Partnership's formation in 2000. O.C.G.A. §§ 14–9–1201(a); 14–9A–2.1. Based on the undisputed facts, the Court presumes that a limited liability partnership[3] was formed, and that Mr. Thadikamalla was the gener-

---

**2.** The factual record does not include the requisite certificate of limited partnership. Therefore, the Court has no knowledge regarding the execution or filing of the certificate. O.C.G.A. §§ 14–9–201, 14–9–204. Without the certificate the Court is also without knowledge of the designation of general partner(s) or limited partner(s).

**3.** The Georgia Revised Uniform Limited Partnership Act does not have unique rules for limited liability limited partnerships. Section 14–9–100 *et seq.* applies.

al partner. The undisputed facts also establish that no formal partnership document or agreement was executed by any of the Partners, so the default rules under the Georgia Revised Limited Partnership Act govern the Court's analysis.

### 2. At the time of the petition, the Partnership was dissolved, but not wound up.

Mr. Thadikamalla's death resulted in dissolution of the partnership. A limited partnership is dissolved and its affairs must be wound up upon an event of withdrawal. O.C.G.A. § 14-9-801(3). In the absence of a partnership agreement to the contrary, the death of an individual, general partner results in his withdrawal. O.C.G.A. § 14-9-602(6)(A). The undisputed facts show that there was no agreement made by Partners regarding continuation of the Partnership. However, dissolution does not equate to termination of the Partnership. A limited partnership continues to exist after dissolution until there is cancellation of the certificate. O.C.G.A. §§ 14-9-203; 14-9-206(c). Here, the undisputed facts reveal that the Partnership continued and no remaining Partner, including Debtor as the legal representative of Mr. Thadikamalla's estate, took action to wind up the Partnership. O.C.G.A. §§ 14-9-803(a) & 14-9-705. Because the Partnership continued and was not wound up, Mr. Thadikamalla's 60% Partnership interest became part of his probate estate and passed to the designated Trust pursuant to his Will.

The Will provided that Debtor was the sole beneficiary to the Trust until her death. Defendants argue that the Will provided for the division of Trust with Debtor's children once they reached the designated ages; however, that assertion is not supported by the terms of the Will itself. The Trust was only divided "[a]fter the death of the survivor of my wife and

myself." *Complaint*, Exhibit G. Therefore, at the time of the petition, based on the continuing Partnership and the Will, Mr. Thadikamalla's 60% Partnership interest was held by Debtor, as beneficiary of the Trust. Debtor's 10% Partnership interest, pre-dating her husband's death, and the 60% interest resulting from the Will, combine to create Debtor's 70% Partnership interest held at the time of her chapter 7 filing.

Defendants claim that material issues of fact exist as to the interpretation of the Will. However, the provisions of the Will are not ambiguous, and there is no basis for the Court to go beyond the four corners of the document. Defendants claim that the Partnership interest and the effect of the Will present factual issues to be resolved at a trial. Yet, Defendants' response fails to comply with Federal Rule of Civil Procedure 56(e) because it does not "present specific facts that demonstrate there is a genuine dispute over material facts." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir.1993). Additionally, the purported factual issues raised by Defendants are more properly characterized as legal questions. Trustee has set forth sufficient undisputed facts to entitle him to judgment as to the estate's interest in the Partnership.

Defendants assert that Trustee's reliance on the tax return to determine Debtor's Partnership interest is misplaced. The Court agrees. The tax returns are not determinative as to the relevant Partnership interests between the Partners. Similarly, the tax return cannot alter the governing law regarding ownership and status of a Partnership.

### 3. Debtor's interest in the Partnership is property of the estate.

A debtor's interest in a partnership constitutes property of the estate under 11 U.S.C. § 541. *E.g., Beaman v. Shearin*

*(In re Shearin)*, 224 F.3d 346, 350 (4th Cir.2000). Trustee is the essentially the assignee of Debtor's rights in the Partnership[4] and could seek to wind up the partnership. *In re Smith,* 185 B.R. 285, 291 (Bankr.S.D.Ill.1995) (a limited partner's right to obtain dissolution of the partnership [is] a right which belongs to the individual partner and not to the partnership). Trustee's right to wind up the Partnership exists based on Debtor's original 10% interest in the Partnership, as a general or limited partner. O.C.G.A. § 14–9–803(a).

▮ Additionally, Debtor's Partnership interest by way of the Will and Trust provide Trustee, as the successor to Debtor's rights as the legal representative of Mr. Thadikamalla's estate, with the right to wind up the Partnership. O.C.G.A. § 14–9–705. When a partnership is dissolved by death of an individual general partner, the legal representative of the estate of the deceased general partner shall receive as an ordinary creditor an amount equal to his interest in the dissolved partnership. O.C.G.A. §§ 14–9–604, 606 & 804. Here, because Debtor was the beneficiary under the Trust, which allowed her to use the entirety of the Trust to her benefit, including invading the corpus, Debtor's interest in the Trust also becomes property of the estate in full. *In re Cutter,* 398 B.R. 6, 21–22 (9th Cir. BAP 2008) *aff'd,* 468 Fed.Appx. 657 (9th Cir. 2011) (citing *Askanase v. LivingWell, Inc.,* 45 F.3d 103, 106 (5th Cir.1995)) (what comes to the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its own benefit over property regardless of the title debtor may be acting under), *In re Gifford,* 93 B.R. 636, 638–40 (Bankr.N.D.Ind.1988) (observing public

policy against allowing anyone to place their assets in trust, for their own benefit, and simultaneously shielding them from the claims of their creditors and holding that where debtor had authority to exercise dominion over trust assets for his own benefit, the bankruptcy trustee assumes that authority and can acquire access to the funds for the benefit of creditors).

Accordingly, Trustee is entitled to a declaratory judgment that under the explicit terms of Georgia partnership law, Mr. Thadikamalla's death dissolved the Partnership. Additionally, the Court holds that Debtor held a 70% interest in the Partnership at the commencement of the chapter 7 case. Such interest constitutes property of the estate. Trustee succeeds to all of Debtor's rights under Georgia partnership law and can seek to wind up the Partnership in accordance with Georgia law.

The Trustee also seeks a declaratory judgment that he is entitled to not less than 70% of the Partnership property, including the Beach Condos. As set forth in more detail below, because the Partnership has not been wound up or cancelled, the estate's interest is limited to the Debtor's interest in the Partnership. A determination regarding the distribution or liquidation of the Beach Condos, as Partnership property, would only be available to the Trustee in accordance with the procedures provided under applicable Georgia law.

**B. The estate's interest in the Partnership is 70%, and any post-petition transfer of Debtor's Partnership interest is avoided.**

▮ Trustee also seeks summary judgment as to post-petition transfers of the

---

4. In considering the status of Debtor's partnership interest, and specifically her right to receive partnership profits and her capital account, state law determines a debtor's interest in property. *See Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

estate's Partnership interest in Count Four. The 2009 Partnership tax return reflected that Debtor held a 10% interest in the Partnership. Upon the commencement of a case, Debtor's interest in property became property of her bankruptcy estate. 11 U.S.C. § 541. Based on the Court's ruling in Count One. Debtor's Partnership interest at the commencement of the chapter 7 case was 70%. Section 549 allows the trustee to avoid a transfer of property of the estate that occurs after the commencement of the case that is not authorized under the Bankruptcy Code or by the Court. § 549(a). If the 2009 Partnership tax return served to effectuate a transfer of the estate's interest in the Partnership, that transfer is avoided under § 549.

### C. Trustee is not entitled to partition of the Beach Condos.

In Count Six, Trustee seeks partition under § 363(h) of the Partnership property. Trustee's legal theory conflates the estate's interest in the Partnership with the estate's purported interest in the Beach Condos owned by the Partnership. Partition is not an available tool to Trustee because the estate's interest is not in the Beach Condos. The estate holds a 70% interest in the Partnership that owns the Beach Condos. Trustee argues that since Defendants did not take the steps to wind up the Partnership, then he should be entitled to liquidate the Beach Condos. Trustee's ability to liquidate the Partnership assets does not originate with remedies under § 363(h). Instead, Trustee succeeds to Debtor's state law rights to wind up the Partnership. Without winding up the Partnership, partition is premature.

Secondly, partition is not applicable to property held by the Partnership by the plain terms of the statute. Section 363(h) provides that "the trustee may sell both

the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety" if certain circumstances are present. § 363(h).

Here, Debtor's interest is limited to her interest in the Partnership. Property held by the Partnership does not qualify as "an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." *Leo v. Powell (In re Powell)*, 325 B.R. 6, 14 (Bankr.N.D.Ala.2005) ("The fact that Congress listed only three types of co-tenancies, and must of have knowledge of the multitude of forms of ownership in which two or more people can hold a direct or indirect right in property along with others, is telling."). Debtor did not hold the subject property as a tenant in common, joint tenant, or tenant by the entirety. Again, the Partnership owns the Beach Condos, and the Defendant Partners share an interest in the Partnership. O.C.G.A. § 14–9–701. Further, the Beach Condos do not have co-owners; the Partnership holds title to the Beach Condos. The estate holds a 70% Partnership interest, and this form of ownership is distinct from the forms of ownership listed in § 363(h).

### D. Until the Partnership is wound up, turnover of Partnership property is premature.

Trustee also seeks turnover of Partnership property in Count Two. Based on the determination that the Partnership is dissolved, but not terminated, the estate's interest is limited to Debtor's interest in the Partnership, not the property held by the Partnership. The Partnership property—the Beach Condos, is not subject to turnover under § 542(a).

**E. Trustee is not entitled to turnover of certain pre-petition funds transferred from Debtor to the Partnership.**

▮ Trustee demands turnover under § 542 of pre-petition funds contributed by Debtor to the Partnership in Count Five. The identified transfers total $46,417.91. The Motion seeks judgment as to the turnover claim without seeking judgment as to the basis for avoiding the transfers.[5] Turnover cannot be awarded without, first, recovering the transfers. *Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*, 325 B.R. 134, 137 (Bankr.S.D.N.Y. 2005). The determination as to the estate's 70% interest in the Partnership practically provides Trustee with rights and remedies to recover the estate's interest in the Partnership. The applicable Georgia partnership laws regarding winding up a partnership would likely account for any contribution or loan made to the Partnership. *See* O.C.G.A. § 14–9–804. Should Trustee determine that avoiding these transfers under the Bankruptcy Code best maximizes the return to the estate, he still has the procedural ability to seek judgment as to such claims by separate motion or at trial.

**F. Trustee is entitled to avoid and recover the $26,000.00 post-petition transfer from Debtor to Defendant Sohini Ayinala.**

▮ Count Eight does not relate to the Partnership, Will, or Trust. Trustee moves under 11 U.S.C. §§ 549 and 550 to avoid and recover the post-petition transfer of $26,000.00 from Debtor to Ms. Ayinala. Upon the commencement of a case, Debtor's interest in property became property of her bankruptcy estate. 11 U.S.C. § 541. Section 549 allows the trustee to avoid a transfer of such property that occurs after the commencement of the case and that is not authorized under the Bankruptcy Code or by the Court. § 549(a). Here, post-petition, Debtor wrote a check in the amount of $26,000.00 from her bank account and a short period later her daughter, Ms. Ayinala, deposited the sums into a bank account in Ms. Ayinala's name. Although Ms. Ayinala asserts that the account in her name was for Debtor's benefit, the intended use of the funds does not change that an avoidable transfer was made, as broadly defined by § 101(54)(D). Therefore, Trustee is entitled to judgment as to Count Eight.

For the reasons stated herein, it is

**ORDERED** that Trustee's Motion for Partial Summary Judgment is hereby **GRANTED** as to Counts One, Four, and Eight. Trustee's Motion for Partial Summary Judgment is **DENIED** as to Counts Two, Five and Six.

It is **FURTHER ORDERED** that a status conference will be held *November 8, 2012* at *10:45 a.m.* in Courtroom 1201, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303.

---

**5.** Trustee's Motion for Partial Summary Judgment explicitly seeks judgments as to Counts 1, 2, 4, 5, 6 and 8. (Docket No. 36). In the Complaint, none of these counts are for avoidance actions under § 548 or otherwise. Trustee's Memorandum of Law in Support of the Motion for Partial Summary Judgment includes a discussion section regarding alleged pre-petition fraudulent transfers (Docket No. 38, pgs. 16–20). Federal Rule of Civil Procedure 56(a) requires that the party moving for summary judgment "identify each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Any determination in this Order regarding whether the contributions or transfers by Debtor to the Partnership constitute fraudulent transfers under the Bankruptcy Code or applicable state law would be procedurally improper.

The Clerk is directed to serve a copy of this Order to the parties on the attached distribution list.