NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the Matter of: STEVE WILLIAM NOLAN,

DEBTOR,

--------------------------------------

KARL T. ANDERSON,
Chapter 7 Trustee,

APPELLANT,

v.

STEVE WILLIAM NOLAN,

APPELLEE.

No.   21-55204

D.C. No. 5:20-cv-01496-MCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Marc C. Scarsi, District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before:   BYBEE and BENNETT, Circuit Judges, and BATAILLON,[**] District
Judge.

Chapter 7 Bankruptcy Trustee Karl T. Anderson (Trustee) appeals the district

court's order affirming the bankruptcy court's denial of his objection to the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]      The Honorable Joseph F. Bataillon, United States District Judge for the
District of Nebraska, sitting by designation.

homestead exemption claimed by debtor, Steve William Nolan. We have jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291. We review the district court's decision on appeal from a bankruptcy court *de novo*. *In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 995 (9th Cir. 2020). We give no deference to the district court's decision and conduct our own independent review of the bankruptcy court's decision. *Id.* The scope of a statutory exemption is a question of law, which is reviewed *de novo*. *In re Gilman*, 887 F.3d 956, 964 (9th Cir. 2018). We affirm.

The Debtor and his brother, Gregory Nolan, are beneficiaries of their deceased father's living trust. The father had transferred title to the subject property, a home located in Corona, California, to the trust, for distribution to the two brothers equally upon his death. The Debtor was named successor trustee in the trust. He had resided in the decedent's home with his late father and continues to live there.

Gregory Nolan filed an action in Superior Court of the State of California for the County of Riverside, Probate Division (Probate Court) to compel an accounting, remove Steve Nolan as trustee, appoint himself as trustee, and award money damages for withheld rent. The Debtor then filed a Chapter 7 voluntary petition in bankruptcy court, indicating he was residing in the property, claiming a 50% equitable interest in the subject property, acknowledging that title to the subject property was held in the trust, and claiming a $75,000 homestead exemption under California law. The Trustee objected to the claimed homestead exemption. The

bankruptcy court overruled the Trustee's objection. The Trustee appealed and the district court affirmed.

On appeal, the Trustee argues: 1) federal jurisdiction is lacking because the probate exception applies; 2) the district court erred in overruling his objection to the homestead exception; and 3) the district court erred in allocating the burden of proof.

1. Under binding Supreme Court and Ninth Circuit precedent, the "narrow" and "distinctly limited" probate exception to federal jurisdiction is inapplicable. *Marshall v. Marshall*, 547 U.S. 293, 305, 310 (2006); *Goncalves By & Through Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017). "[U]nless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." *Goncalves By & Through Goncalves*, 865 F.3d at 1252 (quoting *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008)). The Probate Court did not assume *in rem* jurisdiction over property, and no other provisions of the exception are applicable. The Probate Court proceeding was an action for breach of fiduciary duty and the remedy sought was an accounting, appointment of a new trustee, and monetary damages. The relief sought in Probate Court would not affect the beneficial interest the Debtor holds in the subject property under his father's

irrevocable trust. We find no error in the district court's determination that the probate exception does not apply to this case.

2. "A Chapter 7 bankruptcy petition creates an estate to satisfy creditors' claims." *In re Jacobson*, 676 F.3d 1193, 1198 (9th Cir. 2012). The estate consists of "all legal or equitable interests of the debtor in property" when the petition is filed. *Id.* (quoting 11 U.S.C. § 541(a)(1)). The beneficiary of a trust holds a contingent equitable interest in trust property. *N.C. Dep't of Revenue v. The Kimberly Rice Kaestner 1992 Fam. Tr.*, 139 S. Ct. 2213, 2218 (2019). That beneficial interest becomes property of the estate. 11 U.S.C. § 541(a)(1), (c)(2); *see In re Cutter*, 398 B.R. 6, 19 (B.A.P. 9th Cir. 2008), *aff'd,* 468 F. App'x 657 (9th Cir. 2011).

California, like many states, gives debtors an exemption for their "principal dwelling" or "homestead." *In re Jacobson*, 676 F.3d at 1198 (quoting Cal. Civ. Proc. Code §§ 704.710(c), 704.720(a)). California's homestead exemption "ensures that insolvent debtors and their families are not rendered homeless by virtue of an involuntary sale of the residential property they occupy." *Amin v. Khazindar*, 5 Cal. Rptr. 3d 224, 228 (Ct. App. 2003). "This strong public policy requires courts to adopt a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor." *Id.*

Under California statutes, the automatic homestead exemption protects a debtor from forced judicial sales of a debtor's dwelling and requires the debtor reside

4                                                                    21-55204

in the property at the time of the forced sale. *In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987); Cal. Civ. Proc. Code § 704.710(c). "[T]he filing of a bankruptcy petition constitutes such a 'forced sale' for [purposes of the automatic homestead exemption.]" *In re Kelley*, 300 B.R. 11, 17 (B.A.P. 9th Cir. 2003); *see also In re Diaz*, 547 B.R. 329, 335 (B.A.P. 9th Cir. 2016) (stating, "the filing of the petition serves as both a hypothetical levy and as the operative date of the exemption"). Debtors can qualify for a homestead exemption even though title to property is held in a trust. *Fisch, Spiegler, Ginsburg & Ladner v. Appel*, 13 Cal. Rptr. 2d 471, 473 (Ct. App. 1992). Entitlement to the exemption requires a showing of a debtor's physical occupancy of the property and intent to reside there. *In re Gilman*, 887 F.3d at 965.

We find no error in the district court's findings on the homestead exemption issue. The district court properly held that the Debtor's equitable interest fell within the automatic prong of the homestead exemption, which is designed to protect a debtor living in a dwelling who is subject to a forced sale. The Trustee does not dispute that the Debtor resided in the property at the time the petition was filed and intended to stay there.

3.    Although Fed. R. Bankr. P. 4003 provides that a claimed exemption is "presumptively valid," "where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation." *In*

5                                                    21-55204

*re Diaz*, 547 B.R. at 337. "California has mandated the use of state exemptions in bankruptcy and has placed the burden of proof on the party claiming the exemption." *Id.* We reject the Trustee's challenge to the allocation of the burden of proof. The record shows that, as the party claiming the exemption, the Debtor made an appropriate showing. The facts of residency were not disputed, and both the bankruptcy court and the district court determined the scope of the statutory exemption as a matter of law. We find no error by the district court.

**AFFIRMED.**

21-55204